## McIlhenney Guardian

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

SHOYER, J., Hearing Judge.—A petition for the appointment of a guardian of the person was filed by William A. McIlhenney, a minor 16 years of age, and assigned to me for a hearing. Pursuant to notice directed by a preliminary decree, a hearing was duly held.

Petitioner had resided with his parents, Alan T. and Edith R. McIlhenney, in Baltimore, Md., until July 23, 1954, when the minor, an only child, found his mother dead from gunshot wounds in the head, and at or about the same time his father was found in the same room seriously wounded by two gunshot wounds in his head. The father survived and has since been formally charged with causing the death of petitioner's mother and the police department of Baltimore is convinced that after shooting his wife he then attempted suicide.

Immediately following the tragedy petitioner was brought to Philadelphia by his uncle and has been enrolled for admission in a parochial high school for the fall term of 1954.

He has no relatives other than his father living in the City of Baltimore, and the lease for his parents' apartment has expired. The minor has selected Evelyn M. Moran, his maternal aunt, as the guardian of his person. All of his mother's brothers and sisters have consented to the appointment of Mrs. Moran.

The family of the minor's father consists of his mother, petitioner's paternal grandmother, and one sister who appeared at the hearing and who stated that both she and her mother were satisfied that the suggested guardian is a proper person and consented that she be appointed guardian of the person of her nephew.

This witness testified that the letter notifying the father of the hearing and of the request that Evelyn M. Moran be appointed guardian of the person of his son was read to her brother at Union Hospital in Baltimore, and she stated that she herself had spoken to him about the scheduled hearing.

The hearing judge interrogated the proposed guardian and is satisfied that she is a proper person.

It is necessary to consider whether this court has jurisdiction to appoint a guardian of the person for a minor who now resides in Philadelphia in view of the fact that the domicile of the minor continues to be that of his father. The Fiduciaries Act of April 18, 1949, sec. 1011, 20 PS §320.1011, states:

"A guardian of the person or of the estate of a minor may be appointed by the court of the county in which the minor resides."

This court in Hausmann's Estate, 26 Dist. R. 567 (1917), refused to appoint a guardian for a minor who had resided with his father in Delaware County and had left there because of the father's alleged cruel and barbarous treatment. The minor then resided in Philadelphia with relatives. The father filed an answer opposing the petition. Judge Gest stated (page 568):

"But in the present case the distinction attempted to be drawn is immaterial; for our purposes residence and domicile are practically synonymous, Raymond v. Leishman, 243 Pa. 64, where it is said: 'In ascertaining the meaning of the word "residence" in a particular statute, the legislative purpose as well as the context must be kept in view.' The residence of a minor is that of his parents, and so is his domicile, and a minor cannot by his own act acquire any other residence or domicile while in his minority."

The facts in Hausmann's Estate differ materially from those of the present case. From the evidence presented at this hearing it is apparent that the minor's father attempted suicide. Such an attempt certainly evinces a settled purpose to forego all parental duties and relinquish all parental claims, and amounts to an abandonment: Hazuka's Case, 345 Pa. 432, 435 (1942). Our Supreme Court in that case held that abandonment is a question of fact, which may occur in a number of ways, and is a matter largely of intention to be ascertained from all the circumstances.

Hausmann's Estate can be further distinguished because there the petition presented requested the appointment of a guardian for both the person and the estate of the minor.

Our Supreme Court in 1892, in Wilkins' Guardian, 146 Pa. 585 (1891), approved the appointment of a guardian of the person for minors, both of whose parents were deceased but for whose persons a guardian had been appointed at the domicile of the deceased parents in Wisconsin. The minors came to Pennsylvania to be with their relatives and to pursue their education. The court stated (page 591):

"Granted that their domicile cannot be changed without the consent of the court of the domicile, it by no means follows that their residence cannot be changed by the guardian of their persons. The domi-

cile may be in one state, and the residence for the purpose of the guardianship of the person, in another state: Taney's App. 97 Pa. 74. The residence of a minor is frequently changed for educational and other purposes; and, as the action of the court below was clearly in the best interests of these children, we will not disturb the decree."

The hearing judge finds that it is for the best interests and permanent welfare of the minor that he reside with or near his parents' relatives. Because of his age, his interests will be further served by being made amenable to the discipline and authority of a guardian of the person. The hearing judge further finds that Alan T. McIlhenney has abandoned this minor and that his consent to the appointment of the guardian is not required. In addition, the hearing judge finds that the residence of the minor is within the jurisdiction of this court and that a proper decree may therefore be entered.

Accordingly, and for the foregoing reasons, William A. McIlhenney having made choice of Mrs. Evelyn M. Moran, she is appointed guardian of the person of the minor. A copy of this opinion and decree to be served on the minor's father, and this decree to become final 15 days after the making of such service and upon the proper filing of an affidavit of service with the clerk of the court.

*Robert J. Thompson*, for petitioner.

*Alan T. McIlhenny*, p. p., for exceptant.

PER CURIAM, April 22, 1955.—Petitioner, a minor, resided in Baltimore, Md., with his parents. The minor's father killed the minor's mother and then attempted suicide. He recovered, was tried and convicted of murder in the second degree and was sentenced to serve a term of 16 years in the Maryland State Penitentiary.

Immediately following the tragedy, the minor, who is past 16 years of age, was brought to Philadelphia, where he resides with members of his mother's family.

A petition was filed by the minor for the appointment of a maternal aunt as guardian of his person. After a full hearing and a careful study of the matter, Shoyer, J., the hearing judge, concluded that this court has jurisdiction to appoint a guardian of the person of the minor as he now resides in Philadelphia and that it would be to the best interests of the minor to make the appointment as requested.

He, accordingly, entered an appropriate decree.

In an abundance of precaution to protect any rights which the minor's father may have in these proceedings Judge Shoyer directed that:

"A copy of this opinion and decree to be served on the minor's father, and this decree to become final 15 days after the making of such service and upon the proper filing of an affidavit of service with the clerk of the court."

The minor's father sent a letter to Judge Shoyer from the penitentiary where he is confined, in which he stated, inter alia:

"Untill I have talked with my son William A. McIlhenny and untill then I will not consent to anything pertaining to him."

This letter was accepted in lieu of formal exceptions and the matter was placed on the argument list for April 18, 1955. Due notice was given to the father. He, of course, could not be present at the argument. He could, however, have engaged counsel to appear for him but did not do so.

By reason of the fact that the minor's father is confined in prison, we have given this matter our most careful attention. We are all completely satisfied that the decree of the hearing judge appointing Evelyn M. Moran, the minor's aunt, as guardian of his person

was proper and correct under the circumstances of this case and clearly to the best interests of this minor whose life has been so tragically saddened by the criminal act of his father.

The exceptions of Alan T. McIlhenny, the minor's father, are therefore dismissed and the decree entered by Shoyer, J., on February 18, 1955, is affirmed.